UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANNY HUGHES, and KATHY HUGHES, ) ) ) ) Plaintiffs, ) ) v. ) ) GMAC, LLC, a foreign limited liability ) company, and TRANS UNION, LLC, ) a foreign limited liability company, ) ) Defendants. ) | Civil Action No.: _____ <br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs, by and through the undersigned attorney, and would show unto this Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiffs") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, et seq. (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Calhoun County, Alabama, and were committed within the Eastern Division of the Northern District of Alabama.

## PARTIES

5. Plaintiff DANNY HUGHES (hereinafter referred to as "DANNY" or "PLAINTIFF") is a natural person and is a resident and citizen of Calhoun County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

6. Plaintiff KATHY HUGHES (hereinafter referred to as "KATHY" or "PLAINTIFF") is a natural person and is a resident and citizen of Calhoun County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

7. Defendant GMAC, LLC (hereinafter referred to as "GMAC" or "DEFENDANT") is a foreign limited liability company engaged in the business of furnishing consumers with credit in the State of Alabama.

8. Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or "DEFENDANT") is a foreign corporation licensed to do business within the State of

Alabama. TRANS UNION is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

9. Plaintiff restates and reiterates herein all previous paragraphs.

10. Plaintiff filed for bankruptcy protection and was discharged on August 8, 2007, with Defendants receiving a copy of the discharge order. The case number was 07-40701-JJR7.

11. Despite its receipt of the aforementioned court order, Defendant GMAC has continued to report Plaintiffs' accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that the accounts were discharged in bankruptcy. More specifically, Defendant GMAC shows a balance of $17,159 on TRANS UNION.

12. Defendant GMAC has intentionally and maliciously failed and/or refused to notify the CRAs that the accounts should have a zero balance as a result of being discharged in bankruptcy.

13. Defendant GMAC has intentionally and maliciously failed and/or refused to accurately report the account balance to the CRAs when it knew the debts were discharged in bankruptcy.

14. Plaintiffs' credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendant GMAC.

15. Defendant GMAC has proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

16. Defendant GMAC knew and knows that a discharge order means Plaintiffs no longer owe the debts and have no personal liability to Defendant, yet Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in a calculated decision to violate the requirements to properly update Plaintiffs' accounts.

17. Defendant GMAC has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiffs', who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

18. Defendant GMAC updates numerous accounts each month with allegedly the correct information regarding the balance but has willfully and maliciously refused to do so with the Plaintiffs and other consumers who are similarly situated.

19. Defendant GMAC has willfully and maliciously failed to report the accounts as having a "0" balance as required by 16 CFR § 607(6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

20. Defendant GMAC has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as

well as the requirements set forth under the FCRA, FDCPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

21. Defendant GMAC has a policy to "park" its account on at least one of the Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

22. In the context of parking an account, Defendant GMAC has an obligation and duty under federal and state law to accurately report the balance and it willfully and maliciously refuses to do so.

23. Defendant GMAC knows that parking a balance will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed. However, Defendant intentionally and maliciously intends to force Plaintiffs, and others similarly situated, to pay on an account that has been discharged.

24. Plaintiffs' credit reports have been accessed since the discharge and therefore the false information of Defendant GMAC has been published to third parties.

25. When the consumer pays the "parked" account, Defendant GMAC claims that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendant knows and intends that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

26. Despite receiving disputes regarding its false reporting, Defendant GMAC has

intentionally and knowingly not corrected its policy of keeping false and damaging information on at least one of Plaintiffs' credit reports.

27. Defendant GMAC has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, federal and state law.

28. All actions taken by employees, agents, servants, or representatives of any type for Defendant GMAC were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

29. The actions of Defendant GMAC were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the law.

30. Defendant GMAC has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

31. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendant GMAC, regarding Plaintiffs' alleged debt, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the same.

32. Defendant TRANS UNION has failed and/or refused to verify the accuracy of the information it is publishing in Plaintiffs' credit reports.

33. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendant TRANS UNION have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing them to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the same.

### COUNT ONE - DEFENDANT GMAC
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

34. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

35. GMAC attempted to collect consumer debts allegedly owed by Plaintiffs and the obligation required Plaintiffs to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of GMAC violated the FDCPA:

   a) Falsely attempting to collect debts, by reporting balances, when there is no legal right to collect the discharged debts;

   b) Taking illegal actions against Plaintiffs;

   c) Refusing to properly update the accounts;

   d) Failing to show the accounts as being "disputed" by Plaintiffs; and

   e) Reporting the invalid debts on Plaintiffs' credit report.

36. The foregoing acts and omissions were undertaken by GMAC willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard

of the rights of Plaintiffs.

37. The foregoing acts and omissions of GMAC constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

38. As a result of the above violations of the FDCPA, GMAC is liable to Plaintiffs for a declaratory judgment that its conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO - DEFENDANTS GMAC and TRANS UNION VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT ALA. CODE 1975 § 8-19-3, *et seq.*

39. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

40. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

41. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

42. The foregoing acts and omissions of Defendants GMAC and TRANS UNION were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collecting and/or reporting business, and Plaintiffs relied upon such representations as being lawful, yet such conduct is prohibited.

43. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair

and deceptive acts and practices.

44. The unfair and deceptive acts of Defendants GMAC and TRANS UNION have proximately caused emotional and actual damages and they are liable to Plaintiffs for such injury.

## COUNT THREE - DEFENDANT TRANS UNION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

45. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

46. In the entire course of its actions, TRANS UNION willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

   b) By willfully and/or negligently failing to comport with FCRA section 1681i;

   c) Defaming Plaintiffs by publishing to third parties false information regarding their creditworthiness;

   d) Invading the privacy of Plaintiffs; and

   e) Failing in its duty to prevent foreseeable injury to Plaintiffs.

47. The foregoing acts and omissions were undertaken by TRANS UNION willfully, intentionally, and knowingly as part of its routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiffs.

48. The foregoing acts and omissions of TRANS UNION constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

49. As a result of the above violations of the FCRA, TRANS UNION is liable to Plaintiffs for a declaratory judgment that its conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees under the FCRA.

### COUNT FOUR - DEFENDANTS GMAC and TRANS UNION
### NEGLIGENCE

50. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

51. The acts of Defendants GMAC and TRANS UNION, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

52. The negligent acts of Defendants GMAC and TRANS UNION were purposeful to illegally coerce Plaintiffs into paying the alleged debt.

53. As a proximate consequence of the negligence of Defendants GMAC and TRANS UNION, Plaintiffs have been caused to suffer severe emotional and mental distress.

54. As a result of the unlawful acts of Defendants GMAC and TRANS UNION, they are liable to Plaintiffs for actual, compensatory, and punitive damages, and costs and attorney's fees.

### COUNT FIVE - DEFENDANT GMAC
### EXTREME AND OUTRAGEOUS CONDUCT

55. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

56. Defendant GMAC's acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being. Defendant GMAC's harassing collection tactics created a hostile environment for Plaintiffs.

57. Defendant GMAC wrongfully exploited Plaintiffs in an attempt to coerce them into paying the alleged debts.

58. Defendant GMAC's communications to Plaintiffs were offensive and harassing.

59. As a proximate consequence of Defendant GMAC's harassment, Plaintiffs have been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX - DEFENDANTS GMAC and TRANS UNION
## INVASION OF PRIVACY

60. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

61. The conduct of Defendants GMAC and TRANS UNION, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private lives, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

62. As a direct and proximate consequence of the aforesaid acts of invading Plaintiffs' privacy, Plaintiffs have been injured in that they have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

63. Plaintiffs restate and reiterate herein paragraphs 1 - 33.

64. A dispute exists as to whether Defendants GMAC and TRANS UNION have violated the FDCPA, FCRA Alabama Deceptive Trade Practices Act, federal law and state law.

65. Plaintiffs are entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, FCRA Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiffs are similarly entitled to an order enjoining said acts.

66. As a result of Defendants' actions, omissions and violations, Plaintiffs are entitled to

actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

67. Defendants' actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing them to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against each Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiffs actual damages;

c) Award Plaintiffs punitive damages;

d) Award Plaintiffs state and federal statutory damages;

e) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of September, 2008.

K. Anderson Nelms (NEL022)  
Anderson Nelms & Associates, LLC  
2005 Cobbs Ford Road, Suite 301A  
Prattville, Alabama 36066  
(334) 351-1770     Phone  
(334) 351-1774     Fax  
Andynelms@andersonnelms.com  
ASB-6972-E63K  
*Attorney for Plaintiffs*

Of Counsel:

Anderson Nelms & Associates, LLC

2005 Cobbs Ford Road, Suite 301A

Prattville, Alabama 36066


The Defendants may be served at the following addresses:

GMAC, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104